UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BONIFACIO FLORENTINO,

                               Plaintiff,

          -against-

ALPHONSO'S PIZZERIA INC., D/B/A ALPHONSO'S
PIZZERIA & TRATTORIA, ALY LNU D/B/A
ALPHONSO'S PIZZERIA & TRATTORIA,

                             Defendants.
-----------------------------------------------------------------------X

Index No.:

COMPLAINT
JURY TRIAL DEMANDED

Bonifacio Florentino, Plaintiff, by and through his attorney, Heriberto Cabrera of the law firm of *Heriberto A. Cabrera & Associates*, as and for his Complaint against Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria and Aly LNU d/b/a Alphonso's Pizzeria, ("Defendants"), respectfully allege as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime and spread of hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, spread of hours, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages and spreads of hours, inter alia, to Plaintiff, Bonifacio Florentino ("Plaintiff").

3. Plaintiff demands a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff, Bonifacio Florentino (hereinafter "Florentino"), is a resident of the County of New York, New York, and, he was an employee of Defendants at Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria (hereinafter "Alphonso's") located at 525 Grand Street, New

York, NY 10002. He worked as a Preparer, Dishwasher, and as Delivery.

5. Upon information and belief, Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria, is a domestic corporation doing business within the State of New York, County of New York, and has a principal place of business in New York County, in the City of New York, in the State of New York and more specifically located at 525 Grand Street, New York, New York 10002.

6. Upon information and belief, Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria., is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria, is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from a restaurant located at 525 Grand Street, New York, New York 10002, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, Aly LNU, is an individual and a natural citizen doing business within the State of New York, County of New York, and has a principal place of business in New York County, City of New York, in the State of New York and more specifically located at 525 Grand Street, New York, NY 10002.

9. Upon information and belief, Defendant, Aly LNU, is an owner and/or supervisor of employees of the Corporate Defendant.

10. Defendant, Aly LNU is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Aly LNU is sued individually in her capacity as an owner, officer, and/or agent of Defendants.

11. Upon information and belief, Defendant, Aly LNU possesses or possessed operational control over Defendant Corporation, posses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendants.

12. Defendant, Aly LNU, determined the wages and compensation of the employees of Defendants, including Plaintiff

13. Defendant, Aly LNU established the schedule of the Plaintiff.

14. Defendant, Aly LNU directed works tasks and assignments for employees, including Plaintiff's

15. Defendant, Aly LNU issued pay to Plaintiff

16. Defendant, Aly LNU disciplined Plaintiff

17. Defendant, Aly LNU had the authority to hire and fire employees.

18. Upon information and belief, Defendant, Aly LNU, has ownership interest in the corporate defendants and he is a manager and supervisor of all his employees and the employees of the corporate Defendant.

19. Plaintiff was an "employee" of Defendant, Aly LNU within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

20. Plaintiff was an "employee" of Corporate Defendant, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

21. Upon information and belief, Defendants, Aly LNU is an individual who maintains his principal place of business in New York, NY and serves as a principal manager and/or substantially controls the operations of Defendants, Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria., through which he acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiff by controlling the terms and conditions and pay practices related to the Plaintiff's work.

## JURISDICTION AND VENUE

22. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

23. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

24. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

25. At all times relevant to this Complaint, Plaintiff received payments from Defendants and were economically dependent on Defendants in regards to making their living.

26. Defendants had the power to hire and fire employees including Plaintiff.

27. Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

28. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

29. Plaintiff, Bonifacio Florentino, worked for Defendants as a Preparer, Dishwasher, and Delivery at Alphonso's Pizzeria Inc., d/b/a Alphonso's Pizzeria & Trattoria., located at 525 Grand Street, New York, NY 10002, from approximately May 30, 2020 until on or about October 1, 2020 and from approximately January 10, 2021 until on or about February 10, 2021.

    a. Plaintiff Florentino worked at said location 6 days per week for shifts that were routinely more than 10 hours in a single day from approximately May 30, 2020 until on or about October 1, 2020 and from approximately January 10, 2021 until on or about February 10, 2021. Plaintiff worked from on or about 12:00PM to on our about 12:00AM.
    b. During the entire period of employment, the Plaintiff was paid $8.00 per hour.
    c. During the period from May 30, 2020 until on or about October 1, 2020 and from approximately January 10, 2021 until on or about February 10, 2021, Plaintiff worked approximately 72 hours per week without compensation for overtime hours worked or spread of hours.

30. Plaintiff did not exercise any discretion over his tasks or over any significant aspects of the manner the Defendants ran their restaurants. Nor did Plaintiff have control over the manner he could execute the tasks assigned to him.

31. Plaintiff routinely worked over 40 hours per week without receiving a premium on pay for hours worked in excess of 40 hours a week.

32. Defendants routinely required Plaintiff to work hours that were not recorded on the Defendants' time sheets.

33. Defendants never paid Plaintiff a premium for any hours worked over 40 in a single work week.

34. Plaintiff never received time off, vacations nor meal breaks.

35. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiff.

36. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

37. If Plaintiffs' hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

38. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

39. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff has been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION
*Failure to Pay Overtime Wages (Federal)*

40. Plaintiff re-alleges paragraphs 1-39 of this Complaint as if set forth fully herein.

41. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

42. At all relevant times, Plaintiff was not paid time and a half based on their regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

43. Plaintiff routinely worked hours in excess of 40 hours per week.

44. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

45. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
*Failure to Pay Overtime (State)*

46. Plaintiff re-alleges paragraphs 1-45 of this Complaint as if set forth fully herein.

47. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

48. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times his regular rate of pay for each hour worked in excess of forty hours per week.

49. Plaintiff routinely worked hours in excess of 40 hours per week.

50. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

51. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

52. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION

*Failure to Pay Minimum Wages (Federal)*

53. Plaintiff re-alleges paragraphs 1-52 of this Complaint as if set forth fully herein.

54. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

55. At all relevant times, Plaintiff was paid below the controlling minimum wage required by state and federal law.

56. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

57. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

*Failure to Pay Minimum Wages (State)*

58. Plaintiff re-alleges paragraphs 1-57 of this Complaint as if set forth fully herein.

59. Plaintiff was non-exempt employees of the Defendants as understood by the

NYSLL at all relevant times.

60. At all relevant times, Plaintiff was paid below the controlling minimum wage required by New York State law.

61. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

62. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiff is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

63. Plaintiff re-alleges paragraphs 1-54 of this Complaint as if set forth fully herein.

64. Defendants have not paid Plaintiff their due additional hour of pay for shifts where Plaintiff worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

65. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

66. Defendants' willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

67. Plaintiff is entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## SIXTH CAUSE OF ACTION

*Failure to Provide Wage Notices & Wage Statements (State)*

68. Plaintiff re-alleges paragraphs 1-67 of this Complaint as if set forth fully herein.

69. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

70. The Defendants' failure to provide Plaintiff with the aforementioned notices and statement were willful and malicious and/or reckless and/or negligent.

71. Thus, Plaintiff is entitled to statutory damages and attorney's fees for such failures by Defendants in an amount to be determined at trial, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages, minimum wages and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

    e.    Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

    f.    Award Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

    g.    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: January 3, 2022
      Brooklyn, New York

HERIBERTO A. CABRERA & ASSOCIATES

  /s/ Heriberto A. Cabrera
Heriberto Cabrera, Esq.
*Attorney for Plaintiffs*
480 39th Street, 2nd Floor
Brooklyn, NY 11232
Tel: 718-439-3600
Fax: 718-439-1452